HAMILTON LUSTER *v.* JOHN AND NATHAN BALL *et al.*

CHANCERY PRACTICE AND PLEADINGS. *Appeal. Final decree.* Where a suit is pending in the chancery court, and the matters are by written agreement referred to arbitrators, who make their award, the refusal of the chancellor to confirm the award of the arbitrators is not such an order or final decree as entitles the defendants to an appeal.

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville. H. C. SMITH, Ch.

C. W. HALL for complainant.

W. P. GILLENWATERS for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Luster filed his bill in the chancery court of Hawkins county against John and Nathan Ball, administrators of their deceased father, John Ball, and

others.   The bill seeks compensation for services rendered to intestate, Jno. Ball, in his lifetime, for care of and attention to him during his last sickness.   The bill also alleges that the complainant executed his note to said defendants, John and Nathan, for $400, in partition of the land of intestate, one of whose daughters complainant had married.   It is further alleged that several payments were made on this $400 note, and that, after its execution, a small judgment was obtained against complainant, by a third party, before a justice of the peace, upon which execution was issued and levied upon said land, a tract consisting of about 100 acres, which was condemned and sold and bought in by Marion Bailey, the judgment creditor.   That said John and Nathan persuaded the complainant to confess judgment in their favor on the $400 note and three other small debts they claimed to hold against him, in order that they might redeem said land for the complainant's benefit, which was done.   These four judgments, it is alleged, were confessed without deducting credits to which the complainant was then, in January, 1866, entitled.   The complainant then charges that the sale to Bailey was void—first, because he had personal property sufficient to have paid the execution which was levied upon his land, and that he had no notice of the sale.   But if not void for these reasons, he insists and charges that defendants John and Nathan agreed to redeem the land and hold it for his benefit. He prays for an account and correction of the confessed judgments, and for further credits thereon, and that the title to the land be vested in him, on pay-

ment of any balance found to be due from him. Spencer Ball, who had a judgment against complainant, and joined in the redemption of his land, was also made a defendant.

Defendants answered, denying expressly that defendant rendered any services to their father for which he was entitled to compensation, and they relied upon the statute of limitations of two and one-half years as a bar to any claims against his estate. They admit certain payments before judgment which were credited, and of certain payments after judgment, which were also credited, after which the land was redeemed, and balance of said judgments sunk up the same. Respondents deny that they redeemed the land for the benefit of complainant, but did so to save their debts, although they were willing he should redeem, and often requested him to do so, before the expiration of the time of redemption. They filed their answer as a cross-bill, setting out the facts above stated as to their redemption of said land, and having taken a sheriff's deed thereto, and asking to be put in possession thereof.

The evidence does not show that complainant is entitled to any compensation for his services to the intestate. And if such services had been rendered as charged, compensation therefor could not be decreed to him, the statute of limitations being a complete defense thereto.

The complainant admits the rendition of the Bailey judgments, and the record shows that defendants paid $28.23, the balance thereof in redemption of the land,

and placed upon the land the sum of $383.79, amount of balance of said four judgments in favor of John and Nathan, and $179.03, the amount of Spencer Ball's judgment. This latter claim of Spencer Ball has been transferred to complainant since this litigation commenced, and after the award was made.

While the cause was pending the matters in controversy in these causes were, by written agreement, referred to the arbitrament and award of Elias Beals, Bales Jeffres and J. N. Williams, who were to hear the pleadings and proofs on file and other evidence, and to make their award upon principles of law and equity, and provided that the decision of a majority of said arbitrators should be final between the parties and be made the decree of the court in said causes. The award was made and signed by two of the arbitrators, within the time prescribed, one of the arbitrators dissenting therefrom. The award, after reciting the execution of the submission bond, and that the parties and their counsel had been present at their several meetings, and that the pleadings and all the evidence offered by the several parties had been heard, proceeds by deciding that the bill of Luster shall be dismissed, and declares the sale of the land under the execution of Bailey and the redemption by defendants John Nathan and S. H. Ball was valid; and the two years for redemption having expired before the filing of complainant Luster's bill, the title of the said redeeming judgment creditors is valid, and awards the land to them. They further decide that complainant Luster is not entitled to anything on account of

the matters and charges set up in his bill against the estate of John Ball, deceased. The costs are then disposed of by a further clause in the award.

Affidavits were introduced by complainant, and the award, on his motion, was set aside, upon the ground that it was not made in accordance with the principles of law and equity. Defendants appealed, but this court dismissed the appeal, upon the ground that the refusal to confirm the award was not such an order or decree as entitled defendants to have the action of the court reviewed until a final decree was entered in the cause. Upon the cause being remanded, further evidence was adduced, and the chancellor held that the judgment in favor of Bailey was void, and all subsequent proceedings thereunder, including the redemption by defendants, were also void, and dismissed defendants' cross-bill and gave relief under the original bill, and defendants have appealed.

We are of opinion that the chancellor's decree refusing to confirm the award of the arbitrators was erroneous. It fairly met and disposed of the issues, by dismissing the original bill, and declaring the validity of the judgments named, as well as the redemption thereunder, and that Luster was not entitled to any relief.

These were the matters involved, and, as we think, they were decided correctly upon the record presented at that time, and as we should decide them now upon the additional evidence taken.

The complainant in his bill very distinctly states that a judgment was obtained against him in favor of

Luster *v.* Ball.

Bailey, and that he paid a part of said judgment; and there is other evidence in the record that such a judgment was rendered, in the transcript of the condemnation proceedings in the circut court.   So that we are of opinion that the chancellor's decrees are erroneous, and a decree will be entered here reversing the chancellor's decrees, and dismissing the bill of complainant Luster, and in favor of defendants John and Nathan Ball, on their cross-bill, declaring they are entitled, as tenants in common with complainant, to the land redeemed, in proportion to the amounts paid by them and Spencer Ball in redemption, and the amounts of their several judgments, which were satisfied by the said redemption; the complainant Luster being entitled to said Spencer Ball's interest in said land, by virtue of his transfer thereof to him.   Luster will pay the costs of this court and of the court below.